**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS DEFERRED SAVINGS )
FUND, TRUSTEES OFTHE CHICAGO )
PAINTERS AND DECORATORS ) No. 21-cv-4001
APPRENTICESHIP FUND, TRUSTEES OF )
THE CHICAGO PAINTERS AND )
DECORATORS SCHOLARSHIP FUND, )
AND TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS JOINT )
COOPERATION TRUST FUND, )
                                   )
                Plaintiffs, )
    v. )
                                   )
KDK DECORATORS, LLC, an Illinois )
limited liability company, and KENNETH )
KIDD, individually, )
              Defendants. )

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION

FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND,

TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS

FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS

APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND

DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS

AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D.

Schwartz, James R. Anderson, Brian C. James, and ARNOLD AND KADJAN, LLP complain

against Defendant **KDK DECORATORS, LLC**, an Illinois limited liability company as follows:

## COUNT I

### Jurisdiction and Venue

1.     Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331, Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185 U.S.C. 158 (c), and federal common law.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.     The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS  APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.     Defendant **KDK DECORATORS, LLC ("KDK")**, an Illinois limited liability company ("LLC"), is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about July 19, 2004, whereby **KDK** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.   A copy of the Labor Agreement is attached as **"Exhibit A."**

### The Agreements

7.     Pursuant to the provisions of the Labor Agreement, **KDK** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **KDK** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.     Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **KDK** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **KDK** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **KDK** to pay liquidated damages, interest, auditors fees, and all attorneys fees and court costs incurred by the Funds in the collection process.   **KDK** is also required to timely pay contributions in accordance with due dates

set forth in the Labor Agreement and is required to pay contractually due liquidated damages in the amounts set forth therein for contributions not paid on a timely basis.

### The Claim

9.      Upon information and belief, Plaintiffs are advised that **KDK** has breached the provisions of the Labor Agreement and Trust Agreement by failing to remit its monthly contribution reports with any and all payment that may be owed for the work months of **May-June 2021** (the "Missing Reports"). Plaintiffs are unable to quantify any amounts that may be owed on the Missing Reports at this time because **KDK** has not provided them to Plaintiffs.

10.      Moreover, upon information and belief, **KDK** has failed to timely remit certain contribution reports with payment to Plaintiffs and owes $13,661.50 in outstanding liquidated damages, subject to increase pending production of the Missing Reports and any subsequent monthly contribution reports **KDK** fails to timely remit to Plaintiffs after the filing date of this Complaint.

11.      On information and belief, **KDK** has also failed to pay Plaintiffs $618.52 owed under a prior fringe benefit contribution compliance audit of **KDK**'s books and records for the period of January 1, 2014 through December 31, 2018 (the "Prior Audit"), for which **KDK** paid some—but not all—amounts owed to Plaintiffs.

12.      Plaintiffs require a new fringe benefit contribution compliance audit of **KDK** for the period of **January 1, 2019 through the present** (the "New Audit") to determinate any and all additional amounts that may be due to Plaintiffs from **KDK**.

11.      Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **KDK** under the New Audit and the additional outstanding items listed above.

12.     **KDK** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

13.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

        (i)     interest on the unpaid contributions; or

        (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     That this Court order **KDK** to submit all necessary books and records to Plaintiffs' auditors for the New Audit to determine whether or not it is in compliance with its obligation to contribute to the Funds for the period of **January 1, 2019 through the present**;

B.     That judgment be entered in favor of Plaintiffs and against **KDK** for the following:

        (i)   The New Audit;

        (ii)  The Missing Reports and any subsequent monthly contribution reports **KDK** fails to timely remit to Plaintiffs after the filing date of this Complaint and any judgment date;

        (iii) The $13,661.50 owed in outstanding liquidated damages, subject to increase pending production of the Missing Reports and any subsequent monthly contribution reports **KDK** fails to timely remit to Plaintiffs after the filing date of this Complaint and any judgement date; and

        (iv) The $618.52 owed to Plaintiffs from **KDK** under the Prior Audit

        (All above items hereinafter referred to as the "**Judgment Items**");

C.     That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

D.     That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

14.     Plaintiffs reallege and incorporate paragraphs 1 through 13 of Count I into Count II as if they were fully restated herein.

### The Claim

15.     **KENNETH KIDD ("KIDD")** is the Manager of **KDK** and is empowered to execute agreements on behalf of **KDK**.

16.     The Collective Bargaining Agreement ("CBA") at Article 15 Section 1(b)(1) provides that:

> Before commencing any work covered by this Agreement, the Employer shall provide a performance or surety bond, in the amount and under the terms set forth below, to insure the prompt and full payment of all contributions, dues/assessments, and wages due in accordance with this agreement:
>
> $10,000 – 6 or fewer employees
>
> $25,000 – 7 but fewer than 13 covered employees
>
> $50,000 – 13 but fewer than 25 covered employees
>
> $75,000 – 25 or more covered employees ("**Exhibit B**").

17.     Pursuant to Article 15, Section1(b)(2) of the Labor Agreement, in the event that the Employer is an LLC, liability shall be imposed on the LLC in the amount of at least Thirty Thousand Dollars plus all amounts owed in excess of that sum and liability is also imposed

personally on each official of that Employer empowered to execute agreements or sign checks on the LLC's behalf to designate the persons empowered to do so.

18.     On information and belief, on or about **July 7, 2017**, Defendant **KDK** breached Article 15 by failing to have a bond in effect as required by the CBA.

19.     Plaintiffs seek to obtain an audit of **KDK**, which, on information and belief, may demonstrate that **KDK** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay certain contributions and liquidated damages for the audit period of January 1, 2019 through present, which is in addition to the other **KDK** delinquencies to Plaintiffs included in the Judgment Items.

20.     As **KDK** has breached Article 15 by failing to post the bond as required by the Agreement, **KIDD** is personally liable to the Funds for the total amount owed for the Judgment Items from the period of **July 7, 2017 to present**.

WHEREFORE, Plaintiffs pray for relief as follows:

A.     That judgment be entered against **KDK** and **KIDD** in the amount of at least Thirty Thousand Dollars plus all amounts owed in excess of that sum for the Judgment Items;

B.     Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

C     This Court grant Plaintiffs such other and further relief as it may deem appropriate

under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND, et al.,**


By: /s/ Brian C. James
          One of their Attorneys


DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive, Suite 600
Chicago, IL 60601
(312) 236-0415